ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 MAR 10 AM 9:36

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LAMONT HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-045 |
| | ) | |
| TONYA KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wilcox State Prison in Abbeville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court on several motions by Defendants: (1) a motion to dismiss or for alternative remedies, (doc. no. 29); (2) a motion to compel and for sanctions, (doc. nos. 30-1, 30-2); and (3) a motion for extension of discovery, (doc. no. 31). Plaintiff has filed a response opposing the motion to dismiss, (doc. no. 33), but he has not filed a response to either of the discovery motions. Accordingly, Defendants' motion to compel and motion for extension of discovery are deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss or for alternative remedies be **GRANTED IN PART** and that Defendants' motion to compel and for sanctions and motion for extension of discovery be deemed **MOOT**.

## I. BACKGROUND

On June 30, 2008, Plaintiff's amended complaint was screened in conformity with the IFP statute, and service of process was ordered on Defendants Kemp, Tripp, and Sanders. (See doc. no. 15, p. 5). In that same Order, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (See id. at 5-9). Notably, Plaintiff was instructed that he must cooperate fully in any discovery initiated by Defendants and that, upon being given five (5) days notice, he "shall appear and permit his deposition to be taken and shall answer . . . any question that seeks information relevant to the subject matter of the pending action." (Id. at 6). Plaintiff was cautioned, "Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case." (Id. at 6-7).

On January 7, 2009, Defendants properly noticed Plaintiff's deposition for January 21, 2009 at Wilcox State Prison, where Plaintiff is currently incarcerated. (Doc. no. 29, Ex. A).[1] Although Plaintiff appeared at his deposition, he refused to answer any questions posed to him by defense counsel because, as he stated repeatedly, he was not mentally "up to par." (Id., Ex. B, pp. 4, 10, 13, 17, 24, 38). He attributed this alleged mental incapacity to his wrongful placement in solitary confinement for 60 days prior to the attempted deposition. (Id. at 4, 7). Defense counsel repeatedly asked him whether he was refusing to answer her questions, and in response, Plaintiff engaged in a game of semantics by stating that he

---

[1] At the attempted deposition, Plaintiff conceded that he had received this notice. (Doc. no. 29, Ex. B, p. 7).

2

"would love to participate" but "I['m] just not up to par now." (See, e.g., id. at 10, 13, 25). Even when defense counsel asked Plaintiff simple questions about his background, Plaintiff either refused to respond or gave evasive and incomplete responses:

> Q: How old are you, Mr. Howard?
>
> A: Ma'am, please don't do this. What age got to do with anything?
>
> Q: Would you please just answer my question?
>
> A: What does age got to do with my mind?
>
> Q: Would you please just answer my question? . . .
>
> A: I'm almost fifty years old ma'am.
>
> Q: What's your date of birth?
>
> A: I'm tired of being tortured ma'am. I done told you my mind is not able to talk. You got all that information right there. You got all that information and I'm telling you have mercy on me, on my mind.
>
> . . . .
>
> Q: Okay. Do you have any children?
>
> A: Where they at, I don't know.
>
> Q: Do you have any?
>
> A: They claiming.
>
> Q: I beg your pardon? I'm sorry.
>
> A: They saying.
>
> Q: Do you know their names?
>
> A: I rather not even talk about them, ma'am.
>
> . . . .
>
> Q: How far did you go in school?

3

A: Ma'am, the question you asking me, you couldn't send them to me?

(Id. at 21-22, 34-35). Plaintiff requested to continue the deposition to a different time, but defense counsel was unwilling to agree to an extension, due to the impending close of discovery on February 2, 2009. (Id. at 22-23; see also doc. no. 25). After several more exchanges in which Plaintiff either refused to answer because he was not "up to par" or because he wanted the questions sent to him in writing, the deposition ended with defense counsel noting, on the record, Plaintiff's lack of responsiveness to her questions. (Doc. no. 29, Ex. B, pp. 53-54).

Defendants then filed their motion to dismiss or for alternative remedies, as well as their other discovery motions, which outlined the events described above. Plaintiff has responded to the motion to dismiss by alleging that he did not refuse to be deposed and that he had been placed in isolation by prison officials for the sole purpose of thwarting the taking of his deposition. (Doc. no. 33, pp. 1-2). Plaintiff further states that he "agrees to provide testimony at a deposition," provided he is not tortured. (Id. at 3). The Court resolves this matter as follows.

## II. DISCUSSION

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., __ F.3d __, No. 07-11342, 2009 WL 250601, at *4 (11th Cir. Feb. 4, 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also

4

Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). The Local Rules of the Southern District of Georgia also dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Here, the record demonstrates that Plaintiff was forewarned about the consequences of failing to cooperate in discovery, particularly the taking of his deposition, (see doc. no. 15, pp. 6-7), and disregarded the instructions of this Court. Although Plaintiff's behavior during his deposition is the type of dilatory action contemplated by Loc. R. 41.1, the Court recognizes that Plaintiff is proceeding *pro se*, and that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that dismissal of this case would be an appropriate sanction.

However, the Court recognizes the need for Defendants to depose Plaintiff in this action, and the Federal Rules of Civil Procedure allow depositions by oral examination to be taken by either party as a matter of right. See Fed. R. Civ. P. 30. Accordingly, this Court advises granting Defendants' alternative requests to compel Plaintiff's appearance and full

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

participation in the taking of his deposition and to extend the discovery period. The discovery period in this action expired on February 2, 2009. (See doc. no. 25). Therefore, if the presiding District Judge adopts this Report and Recommendation as the opinion of the Court, discovery should be re-opened for the limited purpose of taking Plaintiff's deposition, which should be taken no later than April 30, 2009. The deadline for filing civil motions, excluding motions in limine, should also be extended until May 30, 2009. In sum, Defendants' motion to dismiss or for alternative remedies should be **GRANTED IN PART** to compel Plaintiff's attendance and full participation in the taking of his deposition and to re-open the discovery period and extend the remaining deadlines. (Doc. no. 29). As Defendants' motion to compel and for sanctions and motion for an extension of discovery simply repeat their requests for alternative sanctions and remedies set forth in the motion to dismiss, these motions should be deemed **MOOT**. (Doc. nos. 30-1, 30-2, 31).

Plaintiff is once again reminded that he has a duty to cooperate fully in any discovery initiated by Defendants. The Court notes that this is Plaintiff's last reminder, and if he wishes to pursue his claims, he will cooperate fully in providing Defendants with the discovery to which they are entitled. Specifically, Plaintiff shall, upon being given five (5) days notice, appear and permit his deposition to be taken. Failing to attend, failing to answer questions that seek information relevant to the subject matter of the pending action, or giving evasive or incomplete responses to questions will not be tolerated and will subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. Fed. R. Civ. P. 37(b)(2), (d). Plaintiff is further cautioned that his status as a *pro se* litigant does not exempt him from complying with the Federal Rules or the rules of this Court. See Moon v. Newsome, 863 F.2d 835, 837

(11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (citation omitted) ("Despite construction leniency afforded to *pro se* litigants, we have nevertheless required them to conform to procedural rules.").

Finally, the Court notes Plaintiff's references to his "jailhouse lawyer" in his response to Defendants' motion to dismiss or for alternative remedies, and it therefore takes the opportunity to caution Plaintiff that while he is entitled to represent himself in this action, his jailhouse lawyer may not file documents on his behalf. While Plaintiff has a legal right to assistance from other inmates, Adams v. James, 784 F.2d 1077, 1081 (11th Cir. 1986), his self-proclaimed jailhouse lawyer "does not have an independent right to help other prisoners with their legal claims. Rather, a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts." Thaddeus-X v. Blatter, 175 F.3d 378, 395 (6th Cir. 1999) (citation omitted); see also Shaw v. Murphy, 532 U.S. 223, 225 (2001) (inmate does not have First Amendment right to provide legal assistance to other inmates). In addition, although Plaintiff has a general right to help from other inmates, he does not have a right to assistance from any particular inmate. Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996).

More to the point, Plaintiff's jailhouse lawyer does not possess any legal right or authority to represent Plaintiff as if he were a licensed attorney. Thomas v. Estelle, 603 F.2d 488, 489 (5th Cir. 1979) (*per curiam*); see also O.C.G.A. § 15-19-51(a) ("It shall be unlawful for any person other than a duly licensed attorney at law . . . [t]o practice or appear as an

7

attorney at law for any person other than himself in any court of this state or before any judicial body . . . [or] to render legal services of any kind in actions or proceedings of any nature . . . ."); Loc. R. 83.5(c) ("Any person who is not admitted to the bar of this Court . . . shall be in contempt of this Court and subjected to appropriate sanctions."). Accordingly, Plaintiff is cautioned that while he may seek the legal assistance of other inmates, a particular inmate's unavailability is no excuse for failing to comply with this Court's Orders, and Plaintiff must sign any documents filed with this Court himself.

### III. CONCLUSION

In sum, the Court advises that dismissal of Plaintiff's case is not an appropriate sanction. However, if this Report and Recommendation is adopted as the opinion of the Court, the discovery period should be re-opened for the limited purpose of taking Plaintiff's deposition, and the dispositive motion deadline should be extended under the terms set forth above; in addition, Plaintiff must appear and fully participate in the taking of his deposition upon proper notice by Defendants. Thus, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss or for alternative remedies be **GRANTED IN PART** and that Defendants' motion to compel and for sanctions and motion for extension of discovery be deemed **MOOT**.

SO REPORTED and RECOMMENDED this 10th day of March, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE