ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LAMONT HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-045 |
| | ) | |
| TONYA KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In the Report and Recommendation, the Magistrate Judge advised granting in part Defendants' motion to dismiss or for alternative sanctions based on Plaintiff's refusal to participate in his deposition. (See generally doc. no. 34). While the Magistrate Judge suggested that dismissal would not be appropriate based on Plaintiff's status as a *pro se* litigant, he did advise that the discovery period in this matter be re-opened until April 30, 2009, for the limited purpose of taking Plaintiff's deposition, and that the dispositive motion deadline be extended to May 30, 2009. (Id. at 5-6). Since the Magistrate Judge issued his recommendation, Plaintiff has filed two "Motions to Stay" this case for ninety (90) days because he has been transferred from Wilcox State Prison to Augusta State Medical Prison ("ASMP") without his legal materials. (Doc. nos. 36, 37-1). Plaintiff also requests permission to amend his complaint

in his second "Motion to Stay." (Doc. no. 37-2, p. 3). Defendants have indicated that they do not oppose Plaintiffs requests to stay these proceedings, but they do object to his request to amend his complaint. (See doc. no. 38).

Turning first to the requests for a stay of these proceedings, it appears that the parties are simply requesting a ninety (90) day extension of the discovery and dispositive motion deadlines suggested by the Magistrate Judge in his Report and Recommendation. While the Court is not inclined to grant such a lengthy extension, it does find that an extension is warranted under the circumstances and **GRANTS IN PART** Plaintiff's "Motions to Stay." (Doc. nos. 36, 37-1). Accordingly, discovery is re-opened for the limited purpose of taking Plaintiff's deposition until June 15, 2009. The deadline for filing civil motions, excluding motions in limine, is also extended until July 15, 2009. The Court is confident that counsel for Defendants will act expeditiously to ensure that Plaintiff receives his legal materials well in advance of the date for which his deposition is scheduled.

In his motion to amend his complaint, Plaintiff simply states that once he receives medical treatment at ASMP, it will be necessary for him to add issues and "p[ro]spective parties" to this civil action. (Doc. no. 37-2, p. 3). However, he does not attach a proposed amended complaint to his motion, or provide any details regarding the issues and parties he intends to add. That said, Fed. R. Civ. P. 15 provides that once responsive pleadings have been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As responsive pleadings have long since been served and Defendants have not consented to Plaintiff's request to amend his complaint, the Court turns to whether leave to amend should be granted.

Although leave to amend is generally freely given, Foman v. Davis, 371 U.S. 178, 182 (1962), it is by no means guaranteed, and the trial court has considerable discretion when deciding whether to grant or deny a motion for leave to amend. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[1] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, the United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982). While there is no evidence of bad faith or dilatory motives, Plaintiff's request is clearly untimely, as under the September 26, 2008 Scheduling Notice, motions to amend or add parties were due by November 14, 2008, over five months ago. (See doc. no. 25). As the Eleventh Circuit has explained:

> District courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b).

Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (*per curiam*); see also Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004) ("Deadlines are not meant to be aspirational. . . . A district court must be able to exercise its managerial power to maintain control over its docket."). Here, Plaintiff has requested permission to amend five (5) months late and has failed to show good cause as to why the Court should modify the Scheduling Notice.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Moreover, the Court finds that allowing Plaintiff to amend his complaint at this late date would unduly prejudice Defendants in defending this matter. This case is well into the discovery phase. If Plaintiff were permitted to amend his complaint, Defendants would undoubtedly incur significant additional costs and expenses because they essentially would be forced to re-start the discovery process from the beginning and formulate a defense to any new claims that Plaintiff might assert in his amended complaint. Furthermore, Plaintiff has stated his intent to name additional parties in his amended complaint, which would necessarily require counsel for the current Defendants to coordinate their defense strategy with counsel that might be retained for those defendants Plaintiff intends to name. In sum, because Plaintiff's request is untimely and any further amendments to his complaint would unduly prejudice Defendants, Plaintiff's request to amend his complaint is **DENIED**.[2] (Doc. no. 37-2).

In sum, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified herein. Therefore, Defendants' motion to dismiss or for alternative remedies is **GRANTED IN PART**, (doc. no. 29), and Defendants' motion to compel and for sanctions and motion for extension of discovery are **MOOT**, (doc. nos. 30-1, 30-2, 31).

SO ORDERED this 5th day of May, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court cannot assess the issue of futility because, as noted above, Plaintiff has not provided any factual detail regarding the issues or parties he intends to add. However, the untimeliness of the motion and potential prejudicial effect on Defendants of any amendment provide a sufficient basis for denying Plaintiff's request.

4