ORIGINAL

FILED
U.S. DISTRICT COURT
2009 NOV 30 PM 2:44
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LAMONT HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-045 |
| | ) | |
| TONYA KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Rogers State Prison in Reidsville, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"), and this matter comes before the Court on Plaintiff's request for injunctive relief.[1] (Doc. nos. 58-1, 58-2). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

### I. BACKGROUND

Plaintiff filed his amended complaint on March 31, 2008, alleging that Defendants Tripp and Kemp were deliberately indifferent to his serious medical needs for failing to treat his Hepatitis C, and that Defendant Sanders confined him in administrative segregation as

---

[1] While Plaintiff has entitled the filing "Affidavit in Support of T.R.O.," this "affidavit" does not relate to any motion pending on the docket. Accordingly, the Court has construed Plaintiff's affidavit as a request for injunctive relief.

retaliation for filing grievances. (See doc. nos. 10, 11).[2] As a basis for his request for injunctive relief, Plaintiff notes that he is now housed at Rogers State Prison in Reidsville, Georgia, after "no less than seven administrative transfers," which Plaintiff contends have occurred because of "his continued use of the grievance procedure to obtain medical treatment for [his] life threatening disease." (Doc. no. 58, pp. 1-2). Plaintiff further states that his access to the grievance procedure has been "severely restricted" by these transfers, contending that his transfers allow prison officials to impermissibly extend their "response time" to his grievances, thereby restricting his access to the courts. (Id. at 2). Plaintiff goes on to state that on November 11, 2009, he was threatened with a transfer "if he did not refrain from using the grievance procedure." (Id.). Plaintiff also alleges that he must "rely on the assistance of other inmates" in prosecuting this action and that his repeated transfers destroy any rapport he may develop with one or more inmates at a particular institution, which Plaintiff contends also "hinders" his access to the courts. (Id. at 2-3). Though not explicitly stated, it appears that Plaintiff is seeking an injunction preventing any further transfers.[3]

---

[2] Plaintiff's amended complaint was docketed as two filings, and both documents were construed by the Court as Plaintiff's amended complaint. (See doc. no. 13, p. 2 n.1).

[3] The Court notes that in filing his request for injunctive relief, Plaintiff has violated this Court's previous instructions to him that he must attach an appropriate certificate of service to all filings in this case and that all such filings must contain a proper caption. (See doc. no. 15, p. 6). Indeed, Plaintiff's request is in the form of a letter written to the Court and does not contain a certificate of service. These deficiencies also violate this Court's Local Rules. See Loc. R. 5.1. Plaintiff is cautioned that in the future, his motions may be summarily denied for failure to comply with this Court's Local Rules. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*).

2

## II. INJUNCTIVE RELIEF REQUIREMENTS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[4] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim. In particular, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the

---

[4]Here, Plaintiff has requested both a temporary restraining order and a preliminary injunction in his request for injunctive relief. (See doc. no. 58, p. 1). A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hosp. Res. Pers., Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.). However, it is clear that Plaintiff does not seek to preserve the status quo, inasmuch as he alleges he has repeatedly been transferred and wants this practice to stop. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular state institution.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate--as opposed to a merely conjectural or hypothetical--threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat of irreparable injury . . . is an adequate basis.*" Id.

According to Plaintiff, a transfer would jeopardize his ability to proceed with his case. Specifically, Plaintiff has alleged that he has been relying on other inmates to help him prosecute this action and that any transfer would hinder his ability to rely on those inmates with whom he has developed a rapport. (Doc. no. 58, p. 3). While Plaintiff states that he was "threatened" with a transfer on November 11, 2009 (id. at 2), he has not alleged that he is scheduled to be transferred. Moreover, while Plaintiff has a legal right to assistance from other inmates, Adams v. James, 784 F.2d 1077, 1081 (11th Cir. 1986), he does not have a right to assistance from any particular inmate, Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996). Thus,

4

Plaintiff's argument that he will not be able to develop a rapport with other inmates if he is transferred does not provide a legitimate basis for recommending that he receive the requested injunctive relief.

Plaintiff has essentially requested that the Court order prison officials to stop transferring him in retaliation for filing grievances. The Eleventh Circuit has repeatedly held that prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials. See Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003); Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989); Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985). That said, Fed. R. Civ. P. 65(d) requires requests for injunctions to be specific—an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Since prison officials are already prohibited from transferring Plaintiff in retaliation for filing grievances, the Court may not issue an injunction simply directing adherence to the law.

The Eleventh Circuit also requires an injunction to be framed "so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform to the law." Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005) (citations omitted). Here, Plaintiff does not specify which prison officials are responsible for his repeated transfers, and thus it is unclear toward whom any injunction should be directed. To that end, the Court notes that Plaintiff is no longer housed at Dodge State Prison. Rather, as noted above, he is currently incarcerated at Rogers State Prison. Thus, it appears that any injunction issued would have to be directed toward individuals at

Rogers State Prison, who are not parties to this action. Thus, even assuming *arguendo* that Plaintiff had specified which prison officials are responsible for his repeated transfers, the Court would not have jurisdiction to enjoin their actions.

In sum, Plaintiff's request for injunctive relief should be **DENIED** because Plaintiff has failed to demonstrate that there is a substantial likelihood that he will prevail on the merits, or that there is a substantial threat that he will suffer irreparable injury. Therefore, he cannot meet his burden of persuasion on all four requisites for injunctive relief. Furthermore, the Court will not recommend granting an injunction that merely directs adherence to the law, especially where Plaintiff has failed to specify toward whom any injunction should be directed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**. (Doc. nos. 58-1, 58-2).

SO REPORTED and RECOMMENDED this 30th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE