ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LAMONT HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-045 |
| | ) | |
| TONYA KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. Several of Plaintiff's objections merit further discussion, but they do not change the Court's opinion with respect to the Report and Recommendation.

Plaintiff was incarcerated at Dodge State Prison in Chester, Georgia, at the time of the events giving rise to his complaint. (See doc. no. 1, p. 3). The only claims that were permitted to proceed in this action were Plaintiff's claims of deliberate indifference against Defendants John Tripp and Tonya Kemp for failure to treat his Hepatitis C, and Plaintiff's claim of retaliation against Defendant Sanders regarding his confinement in administrative segregation. (See doc. no. 15, p. 5). On January 25, 2010, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted as to all of Plaintiff's claims. (See doc. no. 66, p. 21). The Magistrate Judge also recommended

denying Plaintiff's motion to consolidate the instant action with another case pending in the Middle District of Georgia. (Id. at 21 & n.10); see also Howard v. Georgia Dep't of Corr., CV 109-120 (M.D. Ga. July 31, 2009).

In his objections, Plaintiff argues that he intended his motion to consolidate to be construed as a motion for transfer of venue. (doc. no. 70, p. 3). Plaintiff has also filed a motion to that effect, which Defendants oppose. (Doc. nos. 69, 71). Specifically, Plaintiff appears to contend that this action should be transferred to the Middle District of Georgia where his other civil action is pending but remain separate from the other action. (See doc. no. 69, p. 3; doc. no. 70, p. 3). In addressing this request, the Court notes that even where venue is already proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This *forum non conveniens* clause, as it has come to be known, is intended to give district courts discretion in determining whether transfer from an appropriate venue is proper based on "'an individualized, case-by-case consideration of convenience and fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

Here, the Court finds that it would not be appropriate to transfer this action to the Middle District. To begin, the general federal venue provision states that a litigant may bring a civil action in "a judicial district where any defendant resides . . . [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). It is undisputed that the events giving rise to Plaintiff's complaint occurred at Dodge State Prison in Chester, Georgia, which is located in this District and

Division, and involved prison officials working at Dodge State Prison. Notably, Plaintiff has made no allegations that any events or omissions giving rise to the complaint filed in this District occurred within any municipality or county encompassed by the Middle District of Georgia.[1] The Court also notes that by the time Plaintiff filed what he now contends is a request for a transfer of venue, discovery had been completed and Defendants' motion for summary judgment had been filed and fully briefed. Thus, the reasons that would justify a transfer of venue - convenience of the witnesses and parties - are not applicable here. Indeed, Plaintiff has not pointed to any witness who is located in the Middle District, nor are Defendants located there. Rather, it appears that Plaintiff is seeking a transfer of venue simply because he believes that he will get a more favorable ruling in that District. Accordingly, this objection is **OVERRULED**, and Plaintiff's motion to transfer venue is **DENIED**.[2] (Doc. no. 69).

---

[1] To the extent Plaintiff is attempting to establish that this case should be transferred because Defendants in the instant action and those in his Middle District of Georgia case have conspired to deny him medical treatment, this argument is without merit. To begin, no conspiracy claim was permitted to proceed in the instant action. Moreover, in order to prove a conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. See Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specific allegations as to how an agreement between Defendants and other individuals at a different prison may have been reached to violate Plaintiff's rights. Accordingly, this objection is also **OVERRULED**.

[2] While Plaintiff states that his motion to consolidate should have been construed as a motion to transfer venue, to the extent that Plaintiff also still argues that his two cases should be consolidated, the Court rejects this argument. Under Rule 42 of the Federal Rules of Civil Procedure, actions may be consolidated where they involve a common question of law or fact. Fed. R. Civ. P. 42(a). The events giving rise to the instant action occurred at Dodge State Prison and involved the medical care Plaintiff received there, as well as an

3

Plaintiff also argues in his objections that he was prevented from filing grievances about his medical issues while he was incarcerated at Dodge State Prison. (Doc. no. 70, pp. 14, 16). However, Plaintiff's ability to exhaust his administrative remedies is not at issue. Rather, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted and that this case be dismissed because there was no genuine issue of material fact with respect to the merits of Plaintiff's deliberate indifference and retaliation claims. (See doc. no. 66, pp. 13-21). Moreover, to the extent that Plaintiff is complaining that his grievances were improperly handled, the Court notes that Plaintiff attempted to make such claims at the outset of this case, and those claims were dismissed from this action for failure to state a claim upon which relief may be granted. (See doc. no. 23, *adopting* doc. no. 13). While the Court need not re-state its reasoning for dismissing those claims in its entirety here, it suffices to say that "the existence of a prison grievance procedure confers no liberty interest on a prisoner . . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate." Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure

---

alleged incident of retaliation. While Plaintiff states in his objections that he has made similar claims against the prison officials named as defendants in his Middle District case (see doc. no. 70, pp. 2, 8, 12-13, 17), there is no indication that any such incidents are related to those that occurred at Dodge State Prison. Thus, there is no common question of law or fact to be resolved in these two cases. To the extent Plaintiff contends that Defendants in the instant action and those in his Middle District case conspired to deny him medical treatment and retaliate against him, the Court rejects this argument for the reasons state in footnote 1 above. Finally, the Court notes that Plaintiff's motion to consolidate filed in his Middle District case was denied. See Howard v. Georgia Dep't of Corr., CV 109-120, doc. no. 16, p. 2 (M.D. Ga. Feb. 2, 2010). In sum, Plaintiff's argument that his two cases should be consolidated is without merit, and this objection is **OVERRULED**.

voluntarily established by a state."). Therefore, this objection is without merit and is **OVERRULED**.

Finally, the Court notes that while Plaintiff filed 33 pages of objections to the Magistrate Judge's Report and Recommendation, Plaintiff has offered nothing in those 33 pages to undermine the Magistrate Judge's findings with respect to the merits of Plaintiff's claims. Specifically, Plaintiff offers nothing to contradict the Magistrate Judge's findings that (1) Defendants Tripp and Kemp did not act with deliberate indifference to Plaintiff's serious medical needs, but rather made every effort to ensure that he received appropriate medical care; and (2) Defendant Sanders did not retaliate against Plaintiff for filing grievances against her, but rather, Plaintiff was placed in administrative segregation pending a disciplinary hearing on a charge of insubordination, which was based on a letter that Plaintiff admits he wrote and referred to Defendant Sanders by her first name. (See doc. no. 66, pp. 15-17, 19-20). Rather, for the majority of his 33 pages of objections, Plaintiff continues to make conclusory allegations of wrongdoing against Defendants and individuals at other prisons who are not parties to this action, just as he did in his response to Defendants' motion for summary judgment. (See doc. no. 46). As repeatedly noted in the Magistrate Judge's Report and Recommendation, at this stage, naked accusations are no substitute for evidence and do not defeat summary judgment. See Leigh v. Warner Bros. Co., 212 F.3d 1210, 1217 (11th Cir. 2000). Thus, the remainder of Plaintiff's objections are likewise without merit and are also **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motion for summary judgment is **GRANTED** (doc. no. 40), Plaintiff's motion for consolidation is **DENIED** as **MOOT** (doc. no. 51), this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Defendants.

SO ORDERED this 4th day of March, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE